NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELODY THOMPSON, | No. 24-737 |
| Plaintiff - Appellant, | D.C. No. 5:19-cv-00122-AB-SHK |
| v. | |
| RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; MOON, Officer, as an individual Erroneously Sued As Heather Moon; COUNTY OF RIVERSIDE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted May 29, 2026[**]

Before: LEE, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Melody Thompson was arrested outside a Riverside County courthouse after

refusing an officer's order to leave the area and was charged with two state law

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

misdemeanors. After the prosecutors dropped the charges, Thompson sued Deputy Officer Heather Moon, the Riverside County Sheriff's Department (RCSD), and several Doe defendants, alleging, among other claims, violations of her First and Fourth Amendment rights pursuant to 42 U.S.C. § 1983. Thompson now appeals the district court's order granting summary judgment for the defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The First Amendment and Fourth Amendment claims. The district court correctly granted summary judgment for defendants. *See Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir. 2003) (reviewing de novo summary judgment grant). Thompson's Fourth Amendment unlawful arrest and First Amendment retaliation claims are predicated on the assumption that Officer Moon lacked probable cause to arrest her. In other words, if Deputy Moon had probable cause to arrest her, Thompson's First and Fourth Amendment claims necessarily fail. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (requiring probable cause for warrantless arrest); *Hill v. City of Fountain Valley*, 70 F.4th 507, 518 (9th Cir. 2023) ("[T]he existence of probable cause defeats a retaliatory arrest claim).

The record shows that Deputy Moon had probable cause to arrest Thompson. Deputy Moon responded to a request for additional assistance by security personnel guarding the courthouse entrance. Upon arrival, the officer observed Thompson

partially obstructing the narrow area in front of the security screening area and yelling loudly at another woman. Thompson continued to yell, and told Deputy Moon she did not need to leave, ignoring multiple requests to clear the security screening area. During her deposition, Thompson admitted she was repeatedly asked to leave the screening area and refused to comply with official orders. Given that "[p]robable cause is not a high bar," *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (simplified), Deputy Moon had probable cause to arrest Thompson, *see* Cal. Penal Code § 148(a)(1) (punishing persons "who willfully resist[], delay[], or obstruct[] any public officer [or] peace officer . . . in the discharge or attempt to discharge any duty of his or her office").

2. <u>Motion to compel additional discovery.</u> We review discovery orders for abuse of discretion. *Pizzuto v. Tewalt*, 136 F.4th 855, 863 (9th Cir. 2025). Thompson claims that the defendants tampered with the existing surveillance footage, and that the missing video would show she was not yelling when she initially encountered Deputy Moon. But Thompson provides no support for this claim, and the defendants stated that they had supplied all footage of the incident in their possession. Thus, the district court did not abuse its discretion in failing to compel production of evidence that may not exist.

3. <u>Authentication of surveillance video.</u> We review a district court's evidentiary decisions for abuse of discretion. *See Orr v. Bank of Amer., NT & SA,*

285 F.3d 764, 773 (9th Cir. 2002).  Here, the district court properly concluded that the surveillance footage is authenticated by Deputy Moon's declaration, which verifies that the video depicts the incident.  *See* Fed. R. Evid. 901(b) (evidence may be authenticated by witness with knowledge who testifies item "is what it is claimed to be").

**AFFIRMED.**